#### UNITED STATES BANKRUPTCY COURT
#### DISTRICT OF MAINE

In re:

Castle Builders, Inc.,

                Debtor

Chapter 7
Case No. 19-10534

### ORDER REGARDING TRUSTEE'S OBJECTIONS TO CLAIMS

The Chapter 7 Trustee has filed an Objection to Claim No. 1 [Dkt. No. 73] and a separate Objection to Claim No. 31 [Dkt. No. 75]. By Claim No. 1, Dustin Robinson asserts a claim in the amount of $602 arising out of "Work performed[.]" [POC No. 1.] In Claim No. 31, Chris Diesch asserts a claim in the amount of $17,508.26 and describes the basis of that claim as "Materials I purchased that CB should have purchased, warranty work not completed, single siding not completed[.]" [POC No. 31.] Both creditors completed Official Form 410, but neither attached any supporting documentation. The Trustee asks the Court to disallow each of these claims solely because they lack supporting documentation.

Although neither creditor responded to the Trustee's objections, the Court conducted a hearing on the objections on January 14, 2021. *See* [Dkt. No. 80]. During that hearing, the Trustee expressed his belief that Robinson might have a claim for unpaid wages. The Trustee pointed to the Debtor's schedules, where Robinson is listed as an unsecured creditor with a claim in the amount of "$0.00" based on a "possible wage claim[.]" [Dkt. No. 18.] The Trustee objected to the claim because he could not determine when the claim was incurred or whether it arose out of an employment agreement between the Debtor and Robinson or instead related to construction work that the Debtor should have performed for Robinson. The Trustee was unsure whether the claim was based on a writing, but insisted that if it were, the writing should have been attached to the

proof of claim. As for Diesch's claim, the Trustee reported, based on a conversation with Diesch, that Diesch had been a customer of the Debtor and was asserting a claim arising out of a construction job gone awry. The Trustee explained that he had asked Diesch to amend his claim because the form Diesch filed erroneously listed Castle Builders, Inc. as the creditor and because the claim lacked supporting documentation. According to the Trustee, Diesch supplied a spreadsheet of costs he had incurred related to the Debtor's construction job, but those costs totaled only $2,879.96. The Trustee averred that the claim was based on a construction agreement between Diesch and the Debtor, and that a copy of the agreement should have been filed with the claim. When asked, the Trustee conceded that a fair result would be to allow Diesch's claim in a reduced amount—i.e., in the amount set forth on the spreadsheet Diesch had provided to the Trustee.

A claim, proof of which is filed under 11 U.S.C. § 501, "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). "But even where a party in interest objects, the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 449 (2007) (quoting 11 U.S.C. § 502(b)); accord Am. Express Bank, FSB v. Askenaizer (In re Plourde), 418 B.R. 495, 503 (B.A.P. 1st Cir. 2009)). Upon objection, "the court . . . shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition[.]" 11 U.S.C. § 502(b).

"Bankruptcy Rule 3001 establishes 'the procedural framework for the filing and allowance of claims' and 'regulate[s] the form, content, and attachments for proofs of claim.'" Kittery Point Partners, LLC. v. Bayview Loan Serv., LLC (In re Kittery Point Partners), --- B.R. ---, 2021 WL 140629, at *8 (B.A.P. 1st Cir. Jan. 14, 2021) (quoting In re Plourde, 418 B.R. at 503). Under Bankruptcy Rule 3001(c)(1), with the exception of claims arising out of open-end or revolving

consumer credit agreements, "when a claim . . . is based on a writing, a copy of the writing shall be filed with the proof of claim." Fed. R. Bankr. P. 3001(c)(1).  The proof of claim form incorporates this instruction, directing the creditor to "[a]ttach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c)."  Official Form 410 ¶ 8.  In a case in which the debtor is an individual, Bankruptcy Rule 3001(c) identifies certain sanctions that may be available to remedy a failure to provide supporting documentation.  See Fed. R. Bankr. P. 3001(c)(2)(D).  Failure to comply with the requirements of Bankruptcy Rule 3001(c) also has evidentiary consequences.  A proof of claim that complies with the requirements of the rule and the official proof of claim form "constitute[s] prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  By implication, a proof of claim that does not comply with the requirements of the Bankruptcy Rules does not benefit from that presumption.  See In re Plourde, 418 B.R. at 504 n.12 ("[W]hen the proof of claim is not filed in accordance with the Federal Rules of Bankruptcy Procedure, it does not constitute prima facie evidence of the validity and amount of the claim, and the burden of proof rests on the claimant.").  The evidentiary effect of a properly filed proof of claim is not overcome by an objection unless that objection is supported by "substantial evidence."  Juniper Dev. Grp. v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993).  The same allocation and burden of proof does not apply to proofs of claim that fail to comply with the applicable rules (including the documentation requirements of Bankruptcy Rule 3001(c)).  See In re Plourde, 418 B.R. at 504 n.12.  While the Code and the Rules, taken together, create a burden-shifting framework, the Court's task, when faced with an objection to a claim, is fixed:  determine the amount of the claim as of the petition date.  See 11 U.S.C. § 502(b).

Here, the Trustee's objections do not implicate any of the grounds enumerated in section 502(b) that would support disallowing the claims.  "The failure to attach documentation sufficient

under" Bankruptcy Rule 3001(c) "is not one of the nine statutorily enumerated grounds for disallowance under 11 U.S.C. § 502(b)." In re Tatro, No. 12-21266-PRW, 2015 Bankr. LEXIS 1648, at *10 (Bankr. W.D.N.Y. May 14, 2015). *But see* In re Minbatiwalla, 424 B.R. 104, 119 (Bankr. S.D.N.Y. 2010) (concluding "that in certain circumstances claims can be disallowed for failure to support the claim with sufficient evidence, even if this is not a specifically enumerated reason for disallowance under 11 U.S.C. § 502(b)[.]"). As such, the Trustee's objections are not well founded. In reaching this conclusion, the Court is persuaded that section 502(b) enumerates the "exclusive grounds for disallowance of a claim, and failure to file documentation is not among them." In re Tatro, 2015 Bankr. LEXIS 1648, at *12 (quotation marks omitted) (collecting cases). The Trustee's objections are therefore OVERRULED.

The Trustee has placed Diesch's entitlement to the amount asserted in his proof of claim in issue, but he did so during the hearing. The Trustee's objection to claim, which was served on Diesch, did not provide express notice of the Trustee's challenge to the amount of the claim. Diesch's proof of claim does not constitute prima facie evidence of the amount of his claim under Bankruptcy Rule 3001(f) because it does not contain the supporting documentation required by Bankruptcy Rule 3001(c). But the Trustee's challenge to the amount of Diesch's claim is also devoid of evidentiary support. Based on the Trustee's unchallenged representations at the hearing, the Court is inclined to conclude that Diesch's claim should be allowed in the amount of $2,879.96, rather than the greater amount set forth on his proof of claim.

The Trustee is HEREBY ORDERED to (a) file, as a supplement to his objection to Diesch's claim, a copy of the spreadsheet that he received from Diesch; (b) serve a copy of this order on Diesch at the address set forth on Diesch's claim; and (c) file a certificate of service evidencing such service. Each of these tasks must be accomplished on or before January 29, 2021. Diesch will then

have until February 12, 2021 to file a reply opposing the Trustee's efforts to establish that his claim should be allowed in a reduced amount. If Diesch does not file a timely opposition, his claim will be allowed in the amount of $2,879.96. If Diesch files a timely opposition, the Court will schedule a further hearing on the Trustee's objection to his claim.

Dated:  January 25, 2021

_____
Michael A. Fagone
United States Bankruptcy Judge
District of Maine